IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **RICHARD G. LOPEZ, ET AL.** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | C.A. NO. C-11-402 |
| | § | |
| **TRIPLE D SECURITY** | § | |
| **Defendant.** | § | |

### MEMORANDUM AND RECOMMENDATION TO DENY MOTION FOR CERTIFICATION OF A COLLECTIVE ACTION

Plaintiffs filed this suit against Triple D Security pursuant to the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, *et seq.* Plaintiffs allege that as drivers, hoppers, and messengers, they regularly worked more than 40 hours per week, that they are non-exempt employees under the FLSA, and that they were entitled to, but not paid, overtime pay at the rate of one and one-half of their regular pay for each hour worked over forty hours per week (D.E. 9). Defendant responds that plaintiffs' claims are barred by the Motor Carrier Exemption, by limitations, and by Sections 10 and 11 of the Portal to Portal Act, 29 U.S.C. § 259 (D.E. 10).

Pending before the court is plaintiffs' opposed motion for certification of a collective action[1] pursuant to 29 U.S.C. § 216(b) (D.E. 15). Responses and replies have been filed (D.E. 16, 17, 18). The motion was referred to undersigned United States Magistrate Judge for recommendation. A status conference was held on June 6, 2012, wherein all parties

---

[1] The terms "collective action," "representative action," "conditional class certification," and "notice of action to potential class members" are used interchangeably.

requested a recommendation based upon the motions and briefs before the court and stipulated that no fact finding or other hearings were necessary.

The court finds that the plaintiffs have made a preliminary showing sufficient for notice of a collective action, but nevertheless recommends, for reasons related to judicial economy, that the motion for conditional class certification be denied because an identical suit is pending in the Houston Division. In that suit, conditional class certification was granted on March 6, 2012.

## **Background**

Plaintiffs allege they are "similarly situated" to all drivers, hoppers, and messengers of defendant Triple D Security, and request permission to send notice of a representative action. According to affidavits submitted by four of the five plaintiffs, Joseph Leyba, Frank Cavazos, and Joe Pena, as well as from another employee of Triple D Security, Hilario Ortega, all worked exclusively within the state of Texas, worked interchangeably as hoppers, drivers, and messengers, and when driving generally drove armored and unarmored vehicles with a Gross Vehicle Weight Rating (GVW) of less than 10,000 (D.E. 15, attached affidavits). They generally were paid at an hourly rate, worked approximately 60-65 hours per week and were not paid overtime wages (*Id.*). Their job duties included picking up bags of sealed money from local businesses and delivering the bags to local banks, as well as delivering change, cash and coins, also in sealed money bags, to those same businesses (*Id.*).

## Applicable Law

Plaintiffs seek certification of this case as a collective action brought on behalf of themselves and others similarly situated. Under the Fair Labor Standards Act, Congress expressly provided for such a representative action:

> . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. . .

29 U.S.C. § 216(b). To be a member of the class one must sign a consent to "opt in" to the class:

> . . . No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which the action is brought. . .

29 U.S.C. § 216(b). Congress' purpose in authorizing § 216(b) collective actions was to "avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer." *Prickett v. Dekalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003) (citation omitted). Only those who "opt in" are bound by the judgment, whereas in a Rule 23 Class Action suit, only those who "opt out" are not bound by the judgment. *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1106 (5th Cir. 1996) (citing *La Chapelle v. Owens-Illinois, Inc.* 513 F.2d 286, 288 (5th Cir. 1975)).

## Certification Procedure

Certification of a collective action is generally analyzed under a two-tiered process. *Maynor v. Dow Chemical Co.,* 671 F.Supp.2d 902, 929 (S. D.Tex. 2009). "The first step is

the conditional certification, or 'notice-stage,' in which the district court decides whether to issue notice to potential class members." *Id.* (citing *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207 1212 (5th Cir. 1995)).[2] This initial decision about whether to issue notice to potential class members involves only a preliminary decision, based on pleadings and affidavits, that plaintiffs and class members are similarly situated. *Id.* The preliminary decision is made using a "fairly lenient standard, and typically results in 'conditional certification' of the class so that putative class members can be given notice and an opportunity to opt in. *Id.* Only a minimal showing is required that there are specific facts or legal theories that "bind the claims" in such a way that judicial efficiency is promoted when the claims are heard together. *Barron v. Henry County Sch. Sys.*, 242 F.Supp.2d 1096, 1103 (M.D. Ala. 2003).

The second step, occurring typically after discovery is completed, involves a motion for decertification of the representative action. At this stage, plaintiffs have the burden to prove that they are similarly situated. *Maynor*, 671 F.Supp.2d at 931 (citing *Proctor v. Allsups Convenience Stores, Inc.,* 250 F.R.D. 278, 280 (N.D. Tex.2008)). Though the Fifth Circuit has not explicitly approved the two-tiered approach, a post-*Mooney* case reflects that the court approves of this procedure. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008) (referring to the two-stage procedure as "typical"). Preliminary certification of a collective action meets the broad Congressional purpose of avoiding

---

[2]The *Mooney* court was analyzing an ADEA collective action, but Congress explicitly adopted and made applicable to the ADEA the collective action provision of 29 U.S.C. § 216(b). 54 F.3d at 1212; 29 U.S.C. § 626(b).

multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation of FLSA. *Prickett,* 349 F.3d at 1297.

At this stage of the case defendant does not dispute that there are factual and legal issues which are common to all drivers, messengers, and hoppers, that is whether these employees are subject to FLSA's overtime requirements and whether any exemptions apply. Without more, preliminary and conditional certification would be appropriate. But defendant argues that there is an identical lawsuit pending in the Houston Division of this District, *Samuel Garcia v. Triple D Security Corp., et al.,* Cause No. 4:10cv4231. In that case Hon. Melinda Harmon, on March 6, 2012, granted plaintiff Garcia's motion for conditional class certification, and certified a conditional class of "all hourly drivers/messengers employed by Triple D security in the last three years except those drivers/messengers who exclusively drove vehicle with a GVWR above 10,000 pounds" (*Garcia* at entry 51). During the hearing held in this case June 6, 2012, plaintiffs' counsel admitted that the issues in the two lawsuits were the same.[3]

"Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources." *Trippe Mfg. Co. v. American Power Conversion*, 46 F.3d 624, 629 (7th Cir. 1995). The Houston action was filed in 2010, and a collective action

---

[3] In the affidavits filed with the motion in this case, the affiants describe themselves as hoppers or drivers (D.E. 15, attached affidavits). In Judge Harmon's order, she referred to the employees as messengers or drivers, and does not use the term "hoppers" (*Garcia* at Entry 51). But there appears to be no significant difference. The affiants describe the job as operating the vans and picking up and delivering money bags (D.E. 15, attached affidavits). All stated that the job duties for hoppers, messengers, and drivers were the same (*Id.*).

running back three years from March 6, 2012, for all messengers/drivers was authorized (*Garcia*, at Entry 51). Notice was sent. All potential class members, including those residing in this division, have already been given an opportunity to "opt in." A parallel action in the same district, certified only three months later, would serve no judicial purpose; in fact it would waste judicial resources. Generally, where there are two competing lawsuits, the first should have priority. *Raniere v. Citigroup, Inc.,* 827 F.Supp2d 294 (S.D.N.Y. 2011) (citations omitted). For the first-filed rule to apply, the later-filed case must be truly duplicative of the suit before the court. *Abushalieh v. American Eagle Express, Inc.*, 716 F.Supp2d 361, 364 (D.N.J. 2010). It is undisputed that the two suits are identical. Plaintiffs have cited no facts or law to support their position that identical collective actions should proceed in separate courts in the same district. Plaintiffs have not explained why a notice, identical to one mailed three months ago, is necessary. It is respectfully recommended that plaintiffs' motion (D.E. 15) be denied.

## **RECOMMENDATION**

Plaintiffs have made a preliminary showing that they are similarly situated pursuant to 29 U.S.C. § 216(b), but issues of judicial economy do not support the burden of a collective action in the Corpus Christi Division parallel to the action recently certified and

already proceeding in Houston.  Accordingly, it is respectfully recommended that plaintiffs' motion for conditional certification of a collective action and for notice (D.E. 15) be denied.

Submitted this 18th day of June, 2012.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to FED. R. CIV. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).