UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD G. LOPEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-11-402 |
| | § | |
| TRIPLE D SECURITY, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Plaintiffs' "Motion for Notice to Potential Class Members" (D.E. 15), seeking conditional certification of this action as a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). Defendant filed its "Response in Opposition to Motion to Certify Class" (D.E. 16), reciting that there are issues that distinguish certain potential plaintiffs in such a way that a class action is not proper. Moreover, Defendant states that an identical action has been pending for fourteen months prior to the filing of this case and was conditionally certified as a class action on March 6, 2012 under the style, *Samuel Garcia v. Triple D Security, Inc.*, Civil Action No. 4:10-cv-4231 in the Houston Division of the Southern District of Texas. *See* D.E. 16-1. Defendant argues that, issues of comity, judicial economy, and the possibility of inconsistent results counsel against class certification.

The Motion was referred to Magistrate Judge B. Janice Ellington for recommendation. On June 18, 2012, Magistrate Judge Ellington recommended that the Motion be denied on the basis of judicial economy and deference to the Houston

collective action under the "first filed rule." Plaintiffs filed objections to the Magistrate Judge's Memorandum and Recommendation and the Defendant responded. *See* D.E. 21, 22.

Plaintiffs complain: (1) that there is no evidence that the notices in the Houston action were properly sent to putative class members; (2) that putative class members may not wish to join the Houston action because of the distance and alleged delay in its adjudication; and (3) that there is no impact on judicial economy when the notice procedures are executed by Plaintiffs' counsel. First, the burden of proof is on the Plaintiffs with respect to their motion. Defendant has supplied an affidavit that notices were properly sent. D.E. 22-3. There is no controverting evidence. Thus, the Court OVERRULES the first objection.

Second, the statutory provisions of FLSA are designed such that individual plaintiffs may opt in to collective actions or choose to prosecute their own actions or do nothing. According to the order entered in the Houston action, Plaintiffs have already had an opportunity to proceed in the form of a collective action and declined. Nothing about the FLSA supports multiple collective actions prosecuted by different plaintiffs in different courts. Plaintiffs are not *entitled* to proceed in collective action style at all, much less when they have had an opportunity that they declined. The Court OVERRULES the second objection.

Third, Plaintiffs' view of judicial economy is too narrow. While Plaintiffs' counsel may bear the clerical burden of issuing notice to putative class members, it is contrary to judicial economy for those notice recipients to receive multiple, contradictory

notices, which would likely cause confusion and forum-shopping. Furthermore, as detailed by Defendant, judicial oversight of a collective action is not limited to the sending of notices to putative class members. The Court OVERRULES the third objection.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiffs' Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiffs' Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiffs' Motion for Notice to Potential Class Members (D.E. 15) is **DENIED**.

ORDERED this 19th day of July, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE