IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

AUG 03 2012

David J. Bradley, Clerk of Court

| | |
|---|---|
| RICHARD G. LOPEZ, JOSEPH LEYBA, ROLAND DE ALEJANDRO, FRANK CAVAZOS, JOE PENA, AND HILARIO ORTEGA, <br><br> Plaintiffs, <br><br> VS. <br><br> TRIPLE D SECURITY, <br><br> Defendant. | Civil Action No. 2:11-cv-402 <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to Section 207 and Section 216 of the Fair Labor Standards Act of 1938 (FLSA) and other provisions of the FLSA, Plaintiffs Richard G. Lopez, Joseph Leyba, Roland De Alejandro, Frank Cavazos, Joe Pena and Hilario Ortega file this Second Amended Original Complaint against Defendant Triple D Security, and show as follows:

### A. Parties

1. The plaintiffs are Richard G. Lopez, Joseph Leyba, Roland De Alejandro, Frank Cavazos, Joe Pena, and Hilario Ortega. They are individuals and residents of Nueces County, Texas.

2. Defendant Triple D Security is a corporation authorized to conduct business in

the State of Texas. It maintains an office and place of business in Corpus Christi, Texas. Defendant may be served with process by serving its president, Mr. Jay Lack, by personal service at 901 Profit Drive, Victoria, Texas. The defendant has already made an appearance in this matter.

**B. Jurisdiction**

3. This Court has subject matter jurisdiction of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The plaintiffs' claims arise under § 207 of the FLSA. This case presents a federal question.

**C. Venue**

5. Pursuant to 29 U.S.C. § 1132(e)(2), venue for this suit is proper in this district and division because it is the district and division where the alleged events occurred.

**D. Facts**

6. The plaintiffs are former employees of the defendant in Corpus Christi, Texas.

7. During the relevant time periods, the plaintiffs worked for the defendant from its business location in Corpus Christi, Texas. The plaintiffs performed job duties that included driving a security van in and around Corpus Christi, Texas. The plaintiffs' job duties required them to deliver and pick up cash and coins from various businesses in around Corpus Christi, Texas, and deliver same to banks and/or the defendant's terminal in Corpus Christi, Texas. The plaintiffs would travel to adjoining counties of Nueces County, including Aransas, San Patricio, Jim Wells, and Kleberg to perform their job

duties. The vehicles operated by the plaintiffs were not regulated by the Department of Transportation. The plaintiffs performed no sales duties, no managerial or supervisory duties and responsibilities and never operated any vehicles in interstate commerce. Nor could the plaintiffs have been reasonably expected to operate any vehicle in interstate commerce, because the defendant does no business outside the state of Texas.

8. Plaintiff Richard Lopez was employed by the defendant from October 2005 to June 2011. He was paid $9.25 per hour. He regularly worked an average of 57-60 hours per week. He was paid for all hours worked but was never paid time and a half for hours worked by him in excess of 40 in any one week.

9. Plaintiff Joseph Leyba was employed by the defendant from about October 2005 to September 2010. He was paid $9.25 per hour. He regularly worked an average of 57-60 hours per week. He was paid for all hours worked but was never paid time and a half for hours worked by him in excess of 40 in any one week.

10. Plaintiff Roland De Alejandro was employed by the defendant from about February 2008 to May 2011. He was paid $9.00 per hour. He regularly worked an average of 57-60 hours per week through about January 2011, when he voluntarily began working less than 40 hours per week. He was paid for all hours worked but was never paid time and a half for hours worked by him in excess of 40 in any one week.

11. Plaintiff Frank Cavazos was employed by the defendant from about June 2005 to June 2011. He was paid $9.25 per hour. He regularly worked an average of

57-60 hours per week through about July 2010, when he voluntarily began working less 40 hours per week. He was paid for all hours worked but was never paid time and a half for hours worked by him in excess of 40 in any one week.

12. Plaintiff Joe Pena was employed by the defendant from about August 2004 to October 2011. He was paid $9.50 per hour. He regularly worked an average of 60-65 hours per week. He was paid for all hours worked but was never paid time and a half for hours worked by him in excess of 40 in any one week.

13. Plaintiff Hilario Ortega was employed by the defendant from about August 2010 to the present date. He is currently paid $10.00 per hour. He regularly worked an average of 60-65 hours per week. He was paid for all hours worked but was never paid time and a half for hours worked by him in excess of 40 in any one week.

14. Further, all of the plaintiffs allege that they were regularly shorted hours on their paychecks by the defendant on a regular basis. When the plaintiffs complained, they were told that the shorted hours would be made up on their next paycheck. Sometimes this was accurate, but other hours were then shorted on that check. The plaintiffs allege that their actual hours worked are reflected on their time cards, but is inaccurate on all other payroll records.

15. The defendant was put on notice of this claim but failed to respond to identify any FLSA exemption that it believes applies to the plaintiffs.

**E. Cause of Action**

**Count 1-Violation of FLSA**

16. The plaintiffs incorporate within Count 1 all of the factual allegations set forth in paragraphs 1-15, *supra*.

17. During the relevant periods, the defendant has violated, and is believed to be continuing to violate, Section 207 of the FLSA by employing the plaintiffs and other employees who in any workweek engage in and/or are employed in an enterprise engaged in commerce or in the production of goods for commerce for a workweek in excess of forty hours and by not compensating the plaintiffs and other employees for their employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which they are employed. *See* 29 U.S.C. § 207(a).

18. The defendant has knowingly, willfully or in reckless disregard carried out its illegal pattern or practice of failing to pay the plaintiffs and all those similarly situated all their wages and overtime compensation for hours worked per week in excess of 40. The decision made by the defendant to not pay the plaintiffs was neither reasonable nor in good faith. Accordingly, the plaintiffs are entitled to their unpaid wages and overtime compensation under the FLSA and all other liquidated damages, as provided by law, and for which they seek from the defendant by this suit and from this Court.

19. Pursuant to the FLSA, the plaintiffs also seek recovery of their reasonable and necessary costs and attorneys' fees incurred in this matter for trial and appeal, if necessary, of this suit.

### Count 2-Violation of FLSA

20. The plaintiffs incorporate within Count 2 all of the factual allegations set forth in paragraphs 1-19, *supra*.

21. During the relevant periods, the defendant has violated, and is believed to be continuing to violate, Section 207 of the FLSA by not paying the defendants for all hours worked by the plaintiffs for the defendant.

22. The defendant has knowingly, willfully or in reckless disregard carried out its illegal pattern or practice of failing to pay the plaintiffs all their earned wages. The decision made by the defendant to not pay the plaintiffs was neither reasonable nor in good faith. Accordingly, the plaintiffs are entitled to their unpaid wages under the FLSA and all other liquidated damages, as provided by law, and for which they seek from the defendant by this suit and from this Court.

23. Pursuant to the FLSA, the plaintiffs also seek recovery of their reasonable and necessary costs and attorneys' fees incurred in this matter for trial and appeal, if necessary, of this suit.

### **PRAYER**

24. For these reasons, Plaintiff Richard G. Lopez, Joseph Leyba, Roland De Alejandro, Frank Cavazos, Joe Pena and Hilario Ortega respectfully request that Defendant Triple D Security be cited to appear and answer herein and that, following final hearing, be awarded all of the unpaid back wages for unpaid overtime, unpaid

wages, liquidated damages, costs, attorneys' fees, pre-judgment interest and post-judgment interest, and for such other relief, at law or in equity, to which they may be justly entitled.

          Respectfully submitted,

          s/Jon D. Brooks
          Jon D. Brooks
          Attorney-in-Charge
          Southern District ID No. 24936
          Texas Bar No. 24004563
          400 Mann Street, Suite 1001
          Corpus Christi, Texas 78401
          361.885.7710 (telephone)
          361.885.7716 (facsimile)
          jbrooks@brooksllp.com (e-mail)

          **Attorney for Plaintiffs**

OF COUNSEL

BROOKS LLP
Attorneys and Counselors at Law
400 Mann Street, Suite 1001
Corpus Christi, Texas 78401
361.885.7710 (telephone)
361.885.7716 (facsimile)
www.brooksllp.com (web)

## Certificate of Service

I hereby certify that the foregoing document was served upon all counsel of record on this 25th day of July, 2012, by electronic mail from the Clerk of the Court, as provided by the rules.

    Michael V. Galo, Jr.
    Galo Law Firm, P.C.
    4230 Gardendale, Bldg. 401
    San Antonio, Texas 78229

                      s/Jon D. Brooks
                      Jon D. Brooks